IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANNE BUCKINGHAM, | § | |
| PLAINTIFF | § | C.A. No. 4:13-cv-00392 |
| | § | |
| vs. | § | |
| | § | |
| BOOZ ALLEN HAMILTON, INC. | § | JURY TRIAL DEMANDED |
| DEFENDANT | § | |

## PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR PARTIAL SUMMARY JUDGMENT REGARDING DEFENDANT'S AFFIRMATIVE DEFENSES

Plaintiff Anne Buckingham now moves for judgment on the pleadings and/or for partial summary judgment regarding Defendant's affirmative defenses. In support, Buckingham states as follows.

### ISSUES PRESENTED

1. The Federal Rules of Civil Procedure subject claims and defenses to identical pleading requirements. To be adequately pled, they must contain enough specificity or factual particularity to inform the other party of the claim or defense's substantive factual basis, with the allegations going well beyond mere labels or conclusions or a formulaic recitation of elements. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). Here, the Defendant pleaded the after-acquired evidence, mixed-motives, and failure to mitigate defenses without mentioning even a single fact in support. As to these defenses, should the Court grant judgment on the pleadings pursuant to Rule 12(c)?

2. When a party is served with a Rule 30(b)(6) deposition notice it has just two choices – either appear with one or more witnesses designated to testify about the listed topics or file a motion for protection. In this case, Plaintiff served a Rule 30(b)(6) deposition notice asking for a witness to testify about the factual bases for the affirmative defenses Defendant asserted (without factual allegations) in this case. Defendant filed no motion for protection and then failed to provide a witness as required. Given its failure to provide this discovery, and the concomitant lack of disclosed evidence, should the Court grant summary judgment as to the after-acquired evidence, mixed-motive, and failure to mitigate defenses?

<u>PROCEDURAL BACKGROUND AND RELEVANT FACTS</u>

At the commencement of this case, before any discovery took place, the Defendant asserted several defenses, including that:

- "Plaintiff's claims are barred, or her recovery should be offset, by the after-acquired evidence doctrine, if applicable."  Docket Entry No. 6, p. 9 (Sixth Defense);

- "any alleged adverse employment action with respect to Plaintiff was based on reasonable factors other than Plaintiff's sex, or any other legally protected status, and regardless of these factors, the same action(s) would have been taken."  *Id.* (Seventh Defense); and

- "Plaintiff has failed to mitigate her alleged damages in whole or in part, and Defendant is entitled to an offset to the extent of any mitigation by Plaintiff."  *Id.* (Eighth Defense).

These defenses are quoted verbatim.  Self-evidently, Defendant did not plead even a single fact allegedly underpinning any of these supposed defenses.

Curious about what the factual bases for these defenses might possibly be, Plaintiff served Defendant with a Rule 30(b)(6) deposition notice on May 8, 2014.  Exhibit 1.  One of the listed topics, No. 4, read:  "The complete factual basis for each Affirmative or other Defense(s) asserted by you in this case."  *Id.* at p. 3.  Buckingham's counsel then traveled to Virginia to conduct the corporate representative deposition and several others on May 28 and 29.[1]  Booz Allen, however, failed and refused to produce a witness to testify about the topic.  Exhibit 2, Deposition of Jennifer Wong O'Neil (Individually and as Rule 30(b)(6) witness), p. 14–16 (confirmation by counsel that "there's not going to be any witness produced regarding [topic] number 4".).  To be fair, sometime prior to the deposition Booz Allen had sent an "objection" to the deposition notice topics, but at no time did it ever seek relief from the Court from its obligation to comply with the properly-served corporate representative deposition notice.  The Rules are crystal clear on this particular

---

[1]The Rule 30(b)(6) deposition was scheduled for May 29.

point.  *See* FED. R. CIV. P. 37(d)(2) (a failure to appear as required under Rule 30(b)(6) "is not excused on the ground  that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).").

**SUMMARY OF ARGUMENT**

Defendant's Answer does not meet the pleading standard required by *Iqbal* and *Twombly*. Because it mentions no facts upon which anyone could plausibly conclude that the after-acquired evidence, mixed-motive, or failure to mitigate defenses apply, the Court should simply grant judgment on the pleadings.  FED. R. CIV. P. 12(c).

Alternatively, Defendant refused to appear and testify about the factual bases for the three above-referenced defenses, despite proper service of a Rule 30(b)(6) deposition notice for which Defendant sought no protection.  Defendant bears the burden of proof on each of these defenses. Defendant has no evidence in support of these defenses and must, given its cavalier attitude towards its discovery obligations, be precluded from presenting any such evidence now. The Court should therefore grant partial summary judgment and dismiss the defenses with prejudice.

**ARGUMENT**

**A.    The Court Should Grant Judgment on the Pleadings as to the After-Acquired Evidence, Mixed-Motives, and Failure to Mitigate Defenses.**

A motion for judgment on the pleadings may be made at any time after the pleadings are closed and provided that the motion will not delay trial.  FED. R. CIV. P. 12(c).  It is governed by the same pleading standards applicable to a Rule 12(b)(6) motion.  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

The Federal Rules require affirmative defenses to be pleaded, and defenses are "subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).  A defendant must "plead an affirmative defense with enough specificity or factual

3

particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Id.* Baldly naming defenses, as Defendant did here, "falls well short of the minimum particulars" imposed by Rule 8. *Id.* Because the "defenses" pleaded here are obviously insufficient – containing no factual allegations whatsoever – the Court should grant judgment on the pleadings and eliminate them from this case.

In *Twombly*, the Supreme Court clarified Rule 8's specificity standard for pleadings, holding that pleadings must "provide the 'grounds' of [the party's] 'entitle[ment] to relief [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). This standard "governs . . . in all civil actions and proceedings in the United States district courts." *Iqbal*, 556 U.S. at 684. Answers – just like complaints – are subject to an identical standard. *Woodfield,* 193 F.3d at 362; FED. R. CIV. P. 8(b)-(c).

When deciding whether Booz Allen's defenses satisfy the *Twombly/Iqbal* standard, the Court must determine if the asserted defenses go beyond mere labels and conclusions and a formulaic recitation of elements, if any. This is because "naked assertion[s] devoid of further factual enhancement" will no longer suffice. *Iqbal,* 556 U.S. at 678 (internal citations and quotation omitted). For defenses to be properly pleaded, then, they must give a plaintiff not only fair notice of the defense being asserted but "the grounds upon which it rests." *Erickson* v. *Pardus,* 551 U.S. 89, 93 (2007) (internal citation and quotations omitted) (per curiam). "[T]he tenet that a court must accept as true all of the allegations contained in [a pleading] is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action [or defense], supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. Mere assertions of legal

conclusions, moreover, are plainly insufficient; the law now requires that they "must be supported by factual allegations." *Id.*

This standard unquestionably applies to affirmative defenses. *Hayne v. Green Ford Sales, Inc.,* 263 F.R.D. 647, 650 (D. Kan. 2009). In *Hayne,* the court surveyed the post-*Twombly/Iqbal* landscape and noted that the overwhelming majority of courts have applied the heightened pleading standard to affirmative defenses. *Id.* at n.15 (collecting authorities). Thus, the court

> agree[d] with the reasoning of the courts applying the heightened pleading standard to affirmative defenses. It makes no sense to find that a heightened pleading standard applies to claims but not to affirmative defenses. In both instances, the purpose of pleading requirements is to provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of possibility that it may apply to the case . . . . Applying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense **and not adding it to the case simply upon some conjecture that it may somehow apply**.

*Id.* at 650 (emphasis added). The court then struck eight affirmative defenses that were pleaded as generally (and with as little factual support) as Defendant's defenses are here.

The after-acquired evidence defense pertains to an employer's supposed discovery, sometime after an employee's termination, "of wrongdoing which would have resulted in discharge." *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 357 (1995). The doctrine requires employers to "establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *Id.* at 362. If established, it does not foreclose liability; instead, it merely limits available remedies. *Id.* at 361-62. Booz Allen's Answer alleged no facts establishing or even suggesting the existence of such wrongdoing by Buckingham, let alone that Booz Allen discovered it or that it was so severe that she would have been terminated if Booz Allen learned of it earlier. Indeed, Defendant has even qualified its skeletal pleading, by saying it only asserts

the defense "as applicable". That is an inadequate pleading under the controlling standard. The Court should grant judgment on the pleadings as to Defendant's Sixth defense.

The mixed-motives defense – where an employer contends that its discrimination notwithstanding, it would have made the same decision anyway – is an affirmative defense to liability. *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 355 n.33 (5th Cir. 2005), quoting *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995) and *Price Waterhouse v. Hopkins*, 490 U.S. 228, 246 (1989) ("[T]he employer's burden is most appropriately deemed an affirmative defense: the plaintiff must persuade the factfinder on one point, and then the employer, if it wishes to prevail, must persuade it on another."). Defendant's Answer pleads no specific facts setting forth the basis for its supposed contention that it would have made the same decision anyway. That failure to plead facts makes the pleading inadequate as a matter of law. The Court should grant judgment on the pleadings as to Defendant's Seventh defense.

Failure to mitigate damages is an affirmative defense in Title VII cases. *Sparks v. Griffin*, 460 F.2d 433, 443 (5th Cir. 1972); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1045 (5th Cir. 1998); *Sellers v. Delgado College*, 902 F.2d 1189, 1193 (5th Cir. 1990). It requires the employer to demonstrate that the plaintiff failed to use reasonable diligence to obtain "substantially equivalent" employment. *Sellers*, 902 F.2d at 1193. The reasonableness, in turn, must be evaluated in light of the individual characteristics of the claimant and the relevant job market. *Id.* "Substantially equivalent employment" is defined as that employment affording virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which the plaintiff was discriminatorily terminated. *Id.* This normally requires the employer to prove both that substantially equivalent work was available and that the former employee did not exercise reasonable diligence to obtain it. *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379,

6

393 (5th Cir. 2003).[2]  That said, Defendant's Answer pleads no facts even remotely suggesting that substantially equivalent employment was available, let alone that Buckingham unreasonably failed to look for it.  The absence of factual allegations giving rise to a plausible possibility of relief is a fatal flaw under the *Iqbal/Twombly* standard.  The Court should grant judgment on the pleadings with respect to Booz Allen's Eighth defense.

> **B.  Booz Allen's Position, Voiced Through Its Failure to Appear for Its Rule 30(b)(6) Deposition, Is That It Has No Evidence Supporting Its Defenses.**

A Rule 30(b)(6) deposition is one way to obtain discovery from a corporation or other organizational entity.  The rule is intended to streamline the discovery process, allowing the deposing party to seek binding corporate testimony on specified topics without having to "play a frustrating game of blind man's bluff in naming the appropriate corporate officer to be deposed or from being bandied from pillar to post by deposition witnesses who disclaim personal knowledge on topics with which others in the corporation are familiar . . .."  *Johnson v. Big Lots Stores, Inc.*, 2008 WL 6928161, *2 (E.D. La. May 2, 2008) (copy attached as Exhibit 3).  At the same time, it affords the corporation being deposed "more control by allowing it to designate and prepare a witness to testify on [its] behalf."  *U.S. v. Taylor*, 166 F.R.D. 356, 360 (M.D.N.C. 1996).  For all parties to enjoy the rule's benefits, and for the process to run smoothly, each party must do some extra work. *Resolution Trust Corp. v. Southern Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993).  Specifically, the deposing party must lay out in advance the issues to be discussed, a duty that is not required for other depositions.  In turn, the party being deposed must carefully select at least one representative for each issue.

---

[2]However, if an employer outright proves that an employee has not made reasonable efforts to obtain work, the employer need not establish the availability of substantially equivalent employment.  *West*, 330 F.3d at 393.

As noted above, Buckingham served a Rule 30(b)(6) deposition notice on May 8, 2014. Exhibit 1; see also Exhibit 4, Declaration of Andrew S. Golub, ¶ 3. Booz Allen's options upon receiving the notice were not complicated:

> A party served with a Rule 30(b)(6) deposition notice must respond in one of two says. *See* Fed. R. Civ. P. 37(d). First, a party can designate a person to testify at a deposition. *Id.*; *see also Bregman v. District of Columbia*, 182 F.R.D. 352, 355 & n.3 (D.D.C. 1998). . . . Second, a party may move for a protective order "for good cause shown." FED. R. CIV. P. 26(c); *see also* FED. R. CIV. P. 37(d). If a party doesn't designate a person to testify at a deposition or move for a protective order, that party has violated Rule 37(d). FED. R. CIV. P. 37(d); *Bregman*, 182 F.R.D. at 355.

*Ferko v. NASCAR,* 218 F.R.D. 125, 133 (E.D. Tex. 2003). The Federal Rules expressly establish that a party's failure to timely designate and present a Rule 30(b)(6) witness "may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)." *Id.* at 142, quoting FED. R. CIV. P. 37(d). Booz Allen filed no such motion before the scheduled deposition, or at any time after.

When a corporation designates and produces an unknowledgeable witness it is, "for all practical purposes, no appearance at all." *Resolution Trust Corp.*, 985 F.2d at 197.[3] And it follows logically that when a party fails to appear for its Rule 30(b)(6) deposition it must be foreclosed from later presenting evidence about the very topic it has refused to testify about:

> . . . [P]laintiff reads Rule 30(b)(6) as precluding defendant from adducing from Ms. Kurtz a theory of the facts that differs from that articulated by the designated representatives. Plaintiff's theory is consistent with both the letter and spirit of Rule 30(b)(6). First, the Rule states plainly that persons designated as corporate representatives "shall testify as to matters known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). This makes clear that a designee is not simply testifying about matters within his or her own personal knowledge, but rather is "speaking for the corporation" about matters to which the corporation has reasonable access. *United States v. Taylor,* 166 F.R.D. 356, 361 (M.D.N.C.1996), *aff'd United States v. Taylor,* 166 F.R.D. 367 (M.D.N.C.1996) (quoting 8A Charles Alan Wright *et al.,* Federal Practice and Procedure, § 2103, at 36–37 (2d ed.1994)).

---

[3]This case is even worse; Booz Allen simply refused to produce any witness at all to testify about the basis for its affirmative defenses.

> By commissioning the designee as the voice of the corporation, the Rule obligates a corporate party "to prepare its designee to be able to give binding answers" in its behalf. *Ierardi v. Lorillard, Inc.,* 1991 WL 158911, at \*3 (E.D. Pa. Aug.13, 1991); *Taylor,* 166 F.R.D. at 361 (designee "presents the corporation's 'position' on the topic") (internal citation omitted). **Unless it can prove that the information was not known or was inaccessible, a corporation cannot later proffer new or different allegations that could have been made at the time of the 30(b)(6) deposition.** *See Ierardi,* 1991 WL 158911, at \*3; *Taylor,* 166 F.R.D. at 362.

*Rainey v. Am. Forest & Paper Ass'n, Inc.*, 26 F. Supp. 2d 82, 94 (D.D.C. 1998) (emphasis added).

Booz Allen Hamilton knows the factual basis, if any, for the assertions that it made in this lawsuit. After all, Defendant surely does not contend that it asserted these defenses without having a factual basis to plead them; anything less would have violated Rule 11. FED. R. CIV. P. 11(b).[4] Ultimately, the Defendant here demands license to first plead defenses without stating any factual predicate and then, when Plaintiff attempts to uncover those facts through discovery, to stonewall by violating the rules and refusing to participate in discovery. Defendant made its summary judgment bed by not appearing for its deposition; the Court should now make Defendant lie in it.

At the Rule 30(b)(6) deposition Defendant disclosed no elements in support of its after-acquired evidence defense. It therefore has (and can present) no proof that after Buckingham's termination it learned of wrongdoing by Buckingham of such severity that she would have been terminated, upon learning of such misconduct, on those grounds alone. *McKennon*, 513 U.S. at 362. The Court should grant summary judgment as to this defense.

Likewise, Defendant did not appear to testify about the basis for its mixed-motives defense, something upon which it bears the burden of proof. It therefore cannot present any case to the jury that it would have made the same decision anyway. Summary judgment should be granted on the mixed-motives defense.

---

[4] If Booz Allen abandons its defenses now, or concedes in response that it never had any factual basis to plead them, Buckingham respectfully urges the Court to consider its options under Rule 11(c)(3) or 28 U.S.C. § 1927.

Finally, Defendant did not appear to testify about the basis for its failure to mitigate damages defense. It therefore has no evidence that substantially equivalent work was available or that Plaintiff failed to exercise reasonable diligence to obtain it. Accordingly, the Court should grant summary judgment with respect to Defendant's mitigation defense.

### CONCLUSION

Defendant's pleading fails to adequately allege the after-acquired evidence, mixed-motives and failure to mitigate defenses. The Court should therefore grant judgment on the pleadings and dismiss these defenses.

Alternatively, it is undisputed that Plaintiff served a Rule 30(b)(6) deposition notice to depose Defendant about the basis for its defenses. Defendant then failed to produce a witness as required. Because Defendant filed no motion for protection prior to the scheduled deposition, its failure is unexcused as a matter of law. FED. R. CIV. P. 37(d)(2). Defendant has thus disclosed no facts in support of its defenses and is now foreclosed from presenting the facts that it should have giving binding testimony about at the Rule 30(b)(6) deposition. Because Defendant lacks evidence of the defenses' elements, and may not now present such evidence, the Court should grant this motion for partial summary judgment.

A proposed Order is attached.

Respectfully submitted,

DOW GOLUB REMELS & BEVERLY, LLP

/s/ Andrew S. Golub_____
Andrew S. Golub
Federal I.D. No. 13812
State Bar No. 08114950
Stephanie A. Hamm
Federal I.D. No. 108779
State Bar No. 24069841
9 Greenway Plaza, Suite 500
Houston, Texas 77046
Telephone: (713) 526-3700
Telecopier: (713) 526-3750

ATTORNEYS FOR PLAINTIFF

<u>**CERTIFICATE OF SERVICE**</u>

On August 19, 2014, I electronically submitted the foregoing document with the Clerk of the Court of the United States District Court for the Southern District of Texas, using the electronic case filing system of the Court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically using the CM/ECF filing system or by any other manner authorized by Federal Rule of Civil Procedure (5)(b)(2).



/s/ Andrew S. Golub
Andrew S. Golub