IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANNE BUCKINGHAM, | § | |
|     PLAINTIFF | § | C.A. No. 4:13-cv-00392 |
| | § | |
| vs. | § | |
| | § | |
| BOOZ ALLEN HAMILTON, INC. | § | JURY TRIAL DEMANDED |
|     DEFENDANT | § | |

**PLAINTIFF'S BRIEF IN SUPPORT OF SUMMARY JUDGMENT
ON DEFENDANT'S FAILURE TO MITIGATE AFFIRAMTIVE DEFENSE**

At the summary judgment hearing on October 14, 2014, the undersigned understood the Court to have instructed Defendant, in accordance with Rule 56(f), to present its evidence (based on information already disclosed), if any, establishing a triable question of material fact regarding both elements of its failure to mitigate damages defense. A subsequent docket entry stated that the "[p]arties" had one week "to file 56(f) briefing and one week after [the] brief is filed to file responses." Plaintiff Anne Buckingham is not clear that an initial brief is actually necessary from her (because Defendant bears the burden of proof), but she now files this instrument out of an abundance of caution.[1] In support, Buckingham states as follows:

I.

Failure to mitigate damages is an affirmative defense upon which Booz Allen bears the burden of proof. *Agoh v. Hyatt Corp.*, 992 F. Supp. 2d 722, 738 (S.D. Tex. 2014) (citing *Ellerbrook v. Lubbock, Texas*, 465 Fed. App'x 324, 337 (5th Cir. 2012)). To prevail, Booz Allen must prove ***both*** that (1) substantially equivalent work was available that Buckingham could have discovered and for which she was qualified ***and*** (2) Buckingham did not exercise reasonable

---
[1] Plaintiff will more fully brief the failure of Booz Allen's evidence to raise a triable issue of material fact when she responds next week to Booz Allen's filing of today's date.

diligence to obtain it. *Sparks v. Griffin*, 460 F.2d 433, 443 (5th Cir. 1972); *see also Huffman v. City of Conroe*, 2009 WL 361413, *13 (S.D. Tex. Feb. 11, 2009) ("The City, however, has not presented any evidence that there were substantially equivalent employment opportunities available for which Huffman did not apply. Because the City has failed to raise a genuine fact issue on this element of its affirmative defense, the Court does not reach the issue of whether Huffman failed to exercise reasonable diligent in obtaining employment.").[2]

II.

Booz Allen has no evidence to support either element of its affirmative defense. First, Booz Allen has never identified any substantially equivalent work that was available in the Houston area. It therefore cannot establish that any such jobs existed during the relevant timeframe, let alone that Buckingham was not diligent in applying for them. And second, as previously laid out in responding to Booz Allen's motion for summary judgment, Booz Allen has no evidence that Buckingham was not diligent, especially given the dearth of national security-related jobs outside of Washington, D.C., in the first place.

Finally, the Court will recall that Plaintiff noticed Booz Allen's deposition pursuant to Rule 30(b)(6) regarding the factual basis for its affirmative defenses but that Booz Allen failed to attend and provide sworn, binding testimony. As set out in earlier briefing (which Plaintiff incorporates here), Booz Allen's failure to appear as required should estop it from presenting such evidence now. Indeed, because Booz Allen "would need [the information] to support its own contentions, the more effective enforcement of the . . . requirement [to appear for deposition] will be to exclude

---

[2]Copy attached as Exhibit 1. In *Huffman*, Jude Atlas correctly pointed out that *Sparks* remains binding circuit precedent. *Huffman*, 2009 WL 361413 at *13 n.37. To the extent there is a conflict between *Sparks* and later cases suggesting that the defense may be proved by insufficient efforts to find substantially comparable employment (whether such jobs existed or not), the earlier circuit opinion controls. *Id.*

the evidence not disclosed . . . ." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996) (quoting Advisory Committee notes to FED. R. CIV. P. 37). At the very least, and as discussed at the October 14 hearing, Booz Allen must be limited to information previously disclosed in this suit.

III.

Booz Allen does not have evidence establishing a triable issue of material fact regarding the failure to mitigate defense. The Court should therefore grant summary judgment in favor of Buckingham as to that defense

Respectfully submitted,

DOW GOLUB REMELS & BEVERLY, LLP

/s/ Stephanie A. Hamm
Andrew S. Golub
Federal I.D. No. 13812
State Bar No. 08114950
asgolub@dowgolub.com
Stephanie A. Hamm
Federal I.D. No. 108779
State Bar No. 24069841
sahamm@dowgolub.com
9 Greenway Plaza, Suite 500
Houston, Texas 77046
Telephone: (713) 526-3700
Telecopier: (713) 526-3750

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

  I hereby certify that on October 21, 2014, a true and correct copy of the foregoing document has been served electronically through the Court's ECF system to the following counsel:

Linda Ottinger-Headley
Claire Deason
Littler Mendelson, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010

              /s/ Stephanie A. Hamm
              Stephanie A. Hamm